# TALBOT SUPERIOR COURT,

## September Term, 1842.

Peter F. Mahone vs. James McDonald and John Took, Defendants, and Joseph Pou, Garnishee.

*Petition for Certiorari in Talbot Superior Court, Sept. Term*, 1842.

1st. A Justice of the Peace has no jurisdiction of a case in which a plaintiff in attachment swears to a debt due by the defendant exceeding thirty dollars.

2nd. When a Garnishee answers in a Justice's Court that he is indebted to the defendant in a sum exceeding thirty dollars, the Court cannot take jurisdiction of the case.

This petition is filed by *Joseph Pou,* the garnishee.  From the petition and the return of the Justices to whom the writ of *certiorari* is directed, it appears that the plaintiff, *Mahone,* in the month of May last, made oath before one of the Magistrates in whose Court the case was brought, that the defendants were indebted to him the sum of one hundred and sixty-eight dollars besides interest and costs ; and prayed a summons of garnishment to be directed to the said *Joseph Pou,* calling on him to appear at the May term following, and answer what he was indebted to the defendants, or either of them : that the said *Joseph* did appear, in obedience to the summons, and deposed, " that on the 5th Sept. 1840, one *Richard Bailey* drew an order on him in favour of *Mrs. Ann McDonald,* wife of the said *James,* for the sum of three hundred and thirteen dollars and seventy-five cents, to be paid out of a particular fund when collected, that the said *Joseph* accepted said order and that the said fund had been collected ; that a short time after accepting said order, one *Thomas Bailey* presented an order, drawn by the said *Richard* on the said *Joseph,* for the whole of the fund, which order was dated one day earlier than the order drawn in favour of *Mrs. McDonald,* that the question had been before the Superior Court but was, as yet, unsettled.    That *Mrs. McDonald* claimed the funds in his hands to the extent of her order, and that said *Thomas Bailey* claimed the whole of the fund :"  that the said Magistrates thereupon entered six judg-

[Mahone vs. McDonald & Took, defendants, & Pou, garnishee.]

ments against the said *Joseph* amounting to the sum of one hundred and sixty-eight dollars, besides interest and costs.

The petition assumes three grounds of error.

First. That the Magistrates had no jurisdiction of the debt claimed by the plaintiff, *Mahone*, in the affidavit which he made in order to procure the summons of garnishment.

Secondly. That the Justices entered six separate and several judgments against the petitioner, as garnishee, when only one summons of garnishment was issued and served.

Thirdly. That the Magistrates assumed to adjudicate the conflicting rights of parties not before them, and to subject the garnishee, thereby, to the hazard of paying the same debt twice or thrice.

That the Justices committed error, in the respects mentioned in the first and second grounds of complaint, is manifest. The debt sworn to by *Mahone* greatly exceeded their jurisdiction, which is limited by Law to demands not exceeding thirty dollars. The affidavit of *Mahone*, therefore, which originated the summons of garnishment, in itself, proved that he was not entitled to the summons. The sum due from the garnishee equally exceeded their jurisdiction. Nor could they rightfully possess themselves of jurisdiction over the indebtedness of the garnishee, by the imaginary division of it into parts sufficiently small to be severally embraced within the scope of their authority. The mode of bringing in the garnishee with a view to his being charged with several judgments, viz. by a summons requiring him to appear and answer in a single case, was also informal and irregular.

It is useless to pursue the third assignment of error.

The motion to reverse the proceedings of the Court below, and to have a new trial ordered, is granted.

MARSHALL J. WELLBORN, J. S. C. C. C.